IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Anthony Shy, II, | ) | Case No. 9:18-cv-02838-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| | ) | |
| Charles Williams, Thomas Robertson, | ) | |
| A. Glidewell, S. Marshall, Michelle | ) | |
| White, Carissa Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff's complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. ECF No. 1. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On September 6, 2019, Defendants filed a motion for summary judgment. ECF No. 61. The Magistrate Judge issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 62. Despite this explanation, Plaintiff has not responded to the motion.[1]

---

[1] Plaintiff requested and received two extensions of time in which to file a response to the motion for summary judgment. ECF Nos. 64, 66, 68, 69.

On February 5, 2020, the Magistrate Judge issued a Report recommending that this case be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. ECF No. 72. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff did not file objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the

recommendation of the Magistrate Judge. This action is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).[2]

IT IS SO ORDERED.

                                                s/ Donald C. Coggins, Jr.
                                                United States District Judge

April 14, 2020
Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] The motion for summary judgment [61] is **FOUND as MOOT**.